IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*RICHMOND DIVISION*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JARON JAMES STARKEY,<br><br>Defendant. | Case No. 3:24-cr-058-HEH |

### STATEMENT OF FACTS

The United States and the defendant, JARON JAMES STARKEY, (hereinafter, "the defendant" or STARKEY), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about September 17, 2023, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, JARON JAMES STARKEY, did knowingly and intentionally possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of parafluorofentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), and fentanyl, a Schedule II controlled substance, knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) as set forth in Count One of the pending criminal Information.

The penalties for this offense are: a mandatory minimum term of imprisonment of 10 years, a maximum term of life, a fine of up to $10,000,000, forfeiture of assets, a mandatory special assessment of $100, and at least 5 years of supervised release. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that

1

a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. On September 17, 2023, at approximately 9:30 pm, a call was received to 911 dispatch indicating that a red SUV was driving erratically southbound on I-95 in Caroline County, Virginia. Shortly thereafter, Virginia State Police responded to the area and observed a red Jeep with North Carolina license plates that had crashed, with the vehicle sustaining heavy damage. The driver and only person inside the Jeep was the defendant, JARON JAMES STARKEY.

3. The Virginia State Trooper who responded to the scene of the accident observed that STARKEY appeared to him to be under the influence of drugs or alcohol, as STARKEY was speaking incoherently and his eyes were bloodshot. STARKEY was transported to the Mary Washington Hospital emergency room.

4. The trooper also observed what initially appeared to him to be hundreds, but what turned out to be thousands of blue and white glycine baggies containing a white powder scattered throughout the Jeep. Field testing indicated that the white powder contained fentanyl. In all, 4,617 blue and white glycine baggies were collected from STARKEY's Jeep and sent to the Department of Homeland Security laboratory in Georgia for forensic analysis.

5. The laboratory analyses determined that a total of 4,497 blue glycine baggies were collected, with each one having a mixture and substance containing a detectable amount of parafluorofentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), and fentanyl, a Schedule II controlled substance, with a net weight of 122.2312 grams.

6. In addition, a total of 120 white glycine baggies were recovered with each one having a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and metonitazene, a Schedule I controlled substance, with a net weight of 1.434 grams.

7. The parties stipulate and agree that the quantities of narcotics recovered in this case are inconsistent with personal use and consistent with the intent to distribute and further, that they are intended for human consumption.

8. In a post-*Miranda* statement, STARKEY admitted that he had traveled from Charlotte, North Carolina, to Wilmington, Delaware, where he purchased fentanyl for distribution.

9. This Statement of Facts includes those facts necessary to support the plea ~~agreement~~ AM ᴼᴹᵇ JS between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

The actions of the defendant, as recounted herein, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: July 17, 2024      By: _____
                             Angela Mastandrea
                             Assistant United States Attorney

3

After consulting with my attorney and pursuant to the plea entered into this day between the defendant, JARON JAMES STARKEY and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____  7/17/24
JARON JAMES STARKEY         Date
Defendant

I am Carolyn V. Grady, Esq., the defendant's attorney. I have carefully reviewed the above Statement of Facts with my client. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____  7/17/24
Carolyn V. Grady, Esq.      Date
Attorney for Jaron James Starkey